[No. 6937.   Decided November 1, 1907.]

## Arbuta B. Donovan, *Appellant*, v. C. Clair Olsen, *Respondent.*[1]

Husband and Wife—Separate Property of Wife—Evidence—Sufficiency. Testimony of a wife that property acquired in her name soon after her marriage was paid for in part by $500 received by her by gift, and in part by money saved from her personal earnings, is not sufficient to show that community property entered into the purchase, but it will be inferred that the personal earnings were acquired before marriage, where she was permitted by counsel to state positively the ultimate facts that no part of it was community property and that the husband had no interest therein, and none of it was acquired by their joint efforts, and that he had no property and earned no wages up to that time; and the fact of his doing some work on the property is immaterial.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered April 2, 1907, dismissing an action to quiet title, and awarding an undivided one-half interest in real property to the defendant, after a trial before the court without a jury.   Reversed.

*Danson & Williams*, for appellant.
*John L. Wiley*, for respondent.

Rudkin, J.— This was an action to quiet title.   The plaintiff and Clarence C. Olsen intermarried on December 27, 1908, and the defendant, C. Clair Olsen, is the sole issue of that marriage.   The property in controversy was acquired in the name of the plaintiff, in May, 1899, and

[1]Reported in 92 Pac. 276.

Clarence C. Olsen died intestate on November 1, 1902. The character of the property, whether separate property of the plaintiff, or community property of the plaintiff and her deceased husband, is the only question in the case. The court below found that the purchase price of the property was paid in part from separate funds of the plaintiff, and in part from community funds of the plaintiff and her deceased husband; that such funds were so commingled as to be impossible of identification, and entered judgment dismissing the action and awarding an undivided one-half interest in the property to the defendant. From this judgment the present appeal is prosecuted.

The deposition of the appellant, taken in the State of Montana, was the only testimony offered at the trial, and we think it utterly fails to support the judgment of the court. The only portions of the deposition bearing upon the question at issue are the following:

Direct Examination: "12. What interest, if any, did your former husband, Clarence C. Olsen, have in said real estate at any time? Ans. No interest whatever. 13. Where did the money come from with which said lots were purchased? Ans. $500.00 was received as a gift from my great aunt, which money came with a letter which is attached hereto and marked Exhibit 'A,' and money saved from my own earnings. 14. How did you obtain such money with which said lots were purchased? Ans. Part of it earned and part given to me. Clarence C. Olsen had but $20.00 when we married, and until August, 1899, he earned no wages. I paid all expenses for everything used by us during that time. During the next year he only worked two-thirds of the time at from $1.50 to $2.00 a day while working. 15. Did your husband, Clarence C. Olsen, have any interest in any of the money used in purchasing said lots? Ans. No, sir. 16. Was any of the money for the purchase of said lots acquired by the joint efforts of yourself and former husband, Clarence C. Olsen? Ans. No, sir."

Cross-examination: "1. State whether or not at the time you purchased said lots your then husband, Clarence C.

Olsen, paid any portion of the purchase price thereof out of his own property or of the community consisting of yourself and the said Clarence C. Olsen? Ans. No, sir. 2. If you answer that he did, state how much money he so paid and how much you paid for the lots? Ans. I paid $125.00 for the lots. 3. If you state that he did pay a portion of the purchase price for said lots, state whether or not you were to repay him therefor out of your own separate property, and if so, did you so pay him? Ans. He did not pay anything."

Whether the husband had any interest in the funds which entered into the purchase price of the property, and whether the property acquired became separate or community, presents mixed questions of law and fact, but counsel on both sides assumed by their questions that the witness was familiar with the law and permitted and required her to testify to the ultimate fact in issue—namely, the character of the property. The only portion of the testimony which tends in the remotest way to support the judgment is the statement that the property was paid for in part with money saved from the personal earnings of the appellant; but when this statement is considered in connection with the remainder of the testimony and in the light of the fact that the property was acquired soon after marriage, the only proper or reasonable inference is that the earnings referred to were the personal earnings of the wife prior to her marriage. We think it clearly appears, therefore, that the property was paid for by the appellant out of her separate funds; and that the respondent has no interest therein. If we assume that the deceased husband performed some labor in fencing and making improvements on the land this would not change its character.

The judgment of the court below is reversed, with directions to enter judgment in accordance with the prayer of the complaint.

Hadley, C. J., Fullerton, Crow, Mount, Root, and Dunbar, JJ., concur.